IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAY & ZIMMERMANN NPS, INC.,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

NATURE OF THE ACTION

This is an action under Title V of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and interference with rights protected under the statute, and to provide appropriate relief to Gregory Marsh and other aggrieved employees who were adversely affected by such practices. Specifically, as alleged with greater detail below, in response to a charge of disability discrimination filed by Marsh with the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), Day & Zimmermann NPS, Inc. ("the Employer" or "DZNPS"), sent a letter to approximately 146 members of Marsh's union local who were also employees of DZNPS and witnesses to the events in Marsh's charge. The letter, which publicized the fact of Marsh's charge and details about the medical restrictions placed on Marsh as a result of his disability, constituted retaliation in violation of the ADA. The intent of the Employer's letter was to punish Marsh for his charge of discrimination and to interfere with Marsh and the recipients' exercise and enjoyment of rights protected by the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and continue to be committed within the jurisdiction of the United States District Court for the District of Connecticut.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6.

4. At all relevant times, Defendant Day & Zimmermann NPS (the "Employer") has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, Defendant has continuously been doing business in the state of Connecticut and has continuously had at least 15 employees.

7.      At all relevant times, Defendant has operated as a subsidiary of Day & Zimmermann Group, Inc.

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Gregory Marsh filed a charge with the Commission alleging violations of the ADA by Defendant.

9.      On May 20, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to Marsh and a class of aggrieved individuals and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On June 16, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.  Since at least June, 2014, Defendant has engaged in unlawful employment practices with respect to a group of electricians hired to work at the Millstone Power Station in the city of

Waterford, county of New London, Connecticut, in violation of Sections 503(a) and 503(b) of Title V of the ADA, 42 U.S.C. §§ 12203(a) and 12203(b).

15. The ADA, 42 U.S.C. § 12203(a), provides employees with the right to file a charge of discrimination with the Commission.

16. The ADA, 42 U.S.C. § 12203(a), provides employees with the right to communicate with the Commission about charges of discrimination.

17. Defendant has violated the ADA by retaliating against Gregory Marsh because he filed a charge of discrimination with the Commission and has interfered with Marsh and a class of other aggrieved individuals in the exercise or enjoyment of rights protected by the ADA:

   a) In September 2012, the Employer hired Marsh, an electrician and member of Local 35 of the International Brotherhood of Electrical Workers ("Local 35"), to work at the Millstone Power Station in Waterford, CT ("the Millstone plant").

   b) In October 2012, Marsh filed a charge of discrimination with the Commission, asserting that the Employer failed to reasonably accommodate his disability and unlawfully terminated his employment.

   c) In March 2014, the Commission sought information from the Employer as part of its investigation of Marsh's charge, including the names and contact information of other electricians who had worked for the Employer at the Millstone plant in the fall of 2012.

   d) In June 2014, before providing the requested information to the Commission, the Employer sent a letter ("the June 2014 letter") to approximately 146 individuals, all of whom were members of Local 35 and all of whom had worked for, or continued to work for, the Employer.

e) The June 2014 letter identified Marsh by name and indicated that he had filed a charge of discrimination, on the basis of disability, with the Commission.

f) The June 2014 letter identified Marsh's union local.

g) The June 2014 letter identified the medical restrictions placed on Marsh's ability to work as a result of his disability.

h) The June 2014 letter identified the accommodation Marsh had requested.

i) The June 2014 letter informed the recipients of their right to refuse to speak to the Commission's investigator.

j) The June 2014 letter offered the recipients the option to have counsel for the Employer present while speaking to EEOC and provided the name and telephone number of the Employer's counsel.

k) The June 2014 letter was on the Day & Zimmermann Group, Inc.'s letterhead.

18. The effect of the practice(s) complained of in paragraph 17, above, including publicizing the fact of Marsh's disability and the nature of the medical restrictions placed upon his ability to work as a result of his disability, has been to retaliate against Marsh because he opposed an act made unlawful by the ADA and participated in the Commission's investigation of a charge of discrimination under the statute.

19. The effect of the practice(s) complained of in paragraph 17, above, has been to interfere with Marsh and the approximately 146 recipients of the June 2014 letter in their exercise or enjoyment of rights protected by the ADA, including the right to communicate with the Commission, the right to participate in a Commission investigation, and the right to file a charge of discrimination with the Commission.

20.     The unlawful employment practices complained of in paragraph 17, above, were intentional.

21.     The unlawful employment practices complained of in paragraph 17 were done with malice or with reckless indifference to the federally protected rights of Marsh and the recipients of the Employer's June 2014 letter.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against those individuals who oppose any employment practice made unlawful by the ADA, or who participate in any manner in an investigation, proceeding, or hearing under the statute.

B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from interfering with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of any right protected by the ADA.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide for the full exercise of the right to file a charge and participate and cooperate with EEOC, including but not limited to a corrective communication with the Employer's workforce informing all employees who received DZNPS's June, 2014 letter – or who have worked for the Employer since that time – that they retain the right to file a charge of discrimination and to initiate and respond to communication with EEOC; the addition of the same language to the

Employer's anti-discrimination policy; and training for the Employer's human resources, legal and management personnel about employees' right to file charges and communicate with EEOC.

  D. Provide three hundred days to file a charge of discrimination with EEOC or a state or local fair employment practices agency for any employee who received the Employer's June 2014 letter and had worked for DZNPS at any time during the period from August 2013 through the present.

  E. Order Defendant to make whole Marsh, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 17, above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to make whole Marsh by providing compensation for pecuniary losses resulting from the unlawful practices complained of in paragraph 17, above, in amounts to be determined at trial.

  G. Order Defendant to pay Marsh punitive damages for its malicious and reckless conduct described in paragraphs 17, above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2015

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

 /s/ Robert D. Rose
Robert D. Rose
Regional Attorney
Robert.rose@eeoc.gov

 /s/ Raechel L. Adams
Raechel L. Adams
Supervisory Trial Attorney
Raechel.adams@eeoc.gov

 /s/ Sara Smolik
Sara Smolik
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207
sara.smolik@eeoc.gov