IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) | CIVIL ACTION NO. 3:15-cv-01416 (VAB) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DAY & ZIMMERMANN NPS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **CONSENT DECREE**

This cause of action was initiated on September 28, 2015 by the Equal Employment

Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States

Government, alleging that Defendant engaged in unlawful employment practices in violation of

Title V of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights

Act of 1991.  Specifically, EEOC alleges that in response to a charge of disability discrimination

filed by Gregory Marsh with the Commission, Day & Zimmermann NPS, Inc. ("the Employer"

or "DZNPS"), sent a letter to approximately 146 members of Marsh's union local who were also

employees of DZNPS and potential witnesses to the events in Marsh's charge ("the Letter").

EEOC alleges that the Letter publicized the fact of Marsh's charge and details about the medical

restrictions placed on Marsh as a result of his disability, and constituted retaliation in violation of

the ADA.  EEOC further alleges that the Letter interfered with Marsh and the recipients' exercise

and enjoyment of rights protected by the ADA.  DZNPS denies EEOC's allegations.

The parties desire to settle this action and to stipulate to the entry of this Decree as final

and binding between them and DZNPS's parent organizations, officers, directors, agents,

1

successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit, or other entity with which DZNPS may merge or consolidate.

## A.  GENERAL PROVISIONS

1.  This Consent Decree resolves the issues raised in EEOC's Complaint in this case and the issues raised in EEOC Charge Number 846-2013-02424, which served as the jurisdictional prerequisite in this case.  This Consent Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than Charge Number 846-2013-02424.  EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges and claims, including but not limited to, the investigation and litigation of any pending or future charges or claims against DZNPS.

2.  The terms of this Decree represent the full and complete agreement of the parties.

3.  The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

4.  The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

5.  DZNPS shall not contest the validity of this Consent Decree.

6.  DZNPS shall not contest the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or the right of EEOC to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree by DZNPS.

7.  The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of the Parties and the public interest are adequately protected by this Decree.

8.  The terms of this Decree are and shall be binding upon the present and future subsidiaries, representatives, agents, directors, officers, successors and assigns of Defendant.

9.      The Effective Date of this Decree shall be the date this Decree is docketed by the clerk of court after it is signed and/or receives approval from the Court.

**B.  INJUNCTION**

10.     The provisions of this Consent Decree applicable to "DZNPS" shall include all DZNPS's officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which DZNPS may merge, or consolidate or otherwise become affiliated with.

11.     DZNPS is permanently enjoined from engaging in retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA. DZNPS shall not retaliate against a person because such person brings an internal complaint of discrimination with DZNPS; because such person files or causes to be filed a charge of discrimination with the Commission or any other fair employment practices agency charged with investigating employment discrimination complaints ("FEPA"), or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of the ADA.  DZNPS shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.  Nor shall DZNPS retaliate against any such persons identified as a witness or possible witness of discrimination in future investigations or proceedings.

12.     DZNPS is permanently enjoined from interfering with an applicant's or employee's right to file a charge of discrimination with the Commission or any FEPA; right to testify or participate in the investigation or prosecution of an alleged violation of the ADA; and right to request a reasonable accommodation to a disability, as defined by the ADA.

13.     DZNPS is permanently enjoined from publicizing the identity of any employee or

applicant who files or causes to be filed a charge of disability discrimination with the Commission or any FEPA; who testifies or participates in the investigation or prosecution of an alleged violation of the ADA or who requests a reasonable accommodation to a disability, as defined by the ADA.  Nothing contained in this paragraph is meant to restrict DZNPS from communicating information about employees or applicants who have initiated workplace-related complaints (including the content of their complaints) to other individuals who DZNPS in good faith believes need to know this information in order for DZNPS to investigate, respond to and/or defend against the workplace-related complaint(s).

14.     DZNPS is permanently enjoined from disclosing information about an employee or applicant's disability, or the nature of the employee or applicant's requested reasonable accommodation (including the medical restrictions placed on the individual's ability to work) except such disclosure necessary to: (1) determine whether a reasonable accommodation can be provided, (2) to effectuate any such accommodation and ensure that it is being implemented properly, (3) evaluate any FMLA or other leave entitlement; and (4) for legitimate workers' compensation evaluation or insurance evaluation purposes.

## C.  POLICIES AND PROCEDURES

15.     Within thirty (30) days of the Effective Date of this Decree, DZNPS shall review and revise its Reasonable Accommodation Policy –Section 1419 as well as the corresponding Reasonable Accommodation Policy contained within the Employee Orientation & Work Rules Package relating to retaliation.

16.     The revised written policies must include, at a minimum:

(a)  A clear description of conduct that is protected from retaliation (including, without limitation, making a charge of discrimination to the employer, the EEOC or any

FEPA; testifying or participating in the investigation or prosecution of an alleged

violation of the laws prohibiting employment discrimination; and making a request

for a reasonable accommodation under the ADA);

(b) A statement that retaliation is prohibited by law and will not be tolerated;

(c) Advise employees of their right to file a charge of discrimination and/or retaliation

with EEOC and/or state and local agencies charged with investigating employment

discrimination complaints without fear of retaliation; and

(d) Advise employees of their right to participate in investigations of alleged

discrimination and/or retaliation conducted by EEOC and/or state and local agencies

charged with investigating employment discrimination complaints without fear of

retaliation.

17.     Within thirty (30) days of the Effective Date of this Decree, DZNPS shall provide a copy of its existing and revised policies relating to retaliation as described in paragraph 15 above to EEOC for review. EEOC shall have 30 days to review the revised EEOC policies for approval; EEOC's approval shall not be unreasonably withheld.

18.     Within sixty (60) days after completion of the policy review and revision required under paragraphs 15 and 16 above, the written EEO policies shall be posted in prominent locations frequented by employees and distributed to each current employee.  The written EEO policies shall be distributed to all new employees when hired.  DZNPS shall make available alternative formats of these policies, as necessary, for persons with cognitive and visual disabilities that may prevent them from reading policies.

**D.  TOLLING OF THE TIME PERIOD FOR FILING CHARGES OF DISABILITY DISCRIMINATION AND/OR RETALIATION UNDER ADA**

19.    DZNPS will not object or assert any timeliness or statute of limitations defense during the administrative process or in any subsequent litigation or arbitration arising out of any charge alleging disability discrimination or retaliation filed by anyone who was sent the Letter so long as such charge is filed within 300 days (or 180 days where applicable) of the date of this Consent Decree.

20.    Defendant shall provide EEOC with a list of the individuals who were sent the Letter (with last known address and social security number if available) within thirty (30) days of the entry of this Consent Decree.

**E.  NOTICES AND POSTINGS**

21.    Within five (5) business days after the Effective Date of this Decree, DZNPS shall post at its worksite at the Millstone Nuclear Power Plant, in a conspicuous place frequented by its employees, an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, DZNPS will replace it with a clean copy. DZNPS shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted, including identifying the locations where the Notice has been posted.  DZNPS shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

22.    At the same time, DZNPS will send copies of the Notice to the Business Agents of IBEW Local 35 and IBEW Local 90.

**F.  TRAINING**

23.      DZNPS shall have its in-house legal counsel, human resources personnel and labor relations personnel with responsibility for oversight of employees at the Millstone Nuclear Power Plant attend two (2) live training programs conducted by the National Employment Law Institute (the "NELI Training") prior to the expiration of the Consent Decree.  Each such NELI Training shall include a segment on retaliation.

24.      DZNPS agrees to provide EEOC with at least three (3) weeks' notice before the employees identified in Paragraph 23, above, attend the NELI Trainings required under this Decree.  In the notice, Defendant shall notify EEOC of the date(s) on which training is scheduled to take place, the location of the training, the name and job title of the person(s)/organization who will conduct the training and the name and job title of each person who will attend the training.  Additionally, DZNPS agrees that EEOC may, at its discretion, send a representative to attend the training.

25.      DZNPS will provide EEOC, upon request, with copies of pamphlets, brochures, outlines or other written or electronic materials provided to the participants of the NELI Trainings.

**G.  MONETARY RELIEF**

26.      As part of the settlement of this action, within twenty-one (21) days of the Effective Date of this Decree and the receipt by DZNPS of a Release of Claims executed by Marsh (attached hereto as Attachment B), DZNPS will pay the grand total sum of $45,000 to Charging Party Gregory Marsh.  This payment shall be designated as compensatory damages. DZNPS will send a check in the amount of $45,000 and an IRS Form 1099, via certified mail,

Federal Express, or UPS, to Mr. Marsh at the address provided by EEOC.  A copy of the check will be provided to EEOC immediately upon issuance.

### H.  MONITORING AND REPORTING

27.     DZNPS shall furnish to EEOC written Reports twice annually for a period of three (3) years following entry of this Decree.  The first Report shall be due six (6) months after the entry of this Decree and thereafter by June 30, and December 30, annually.  Each such Report shall contain:

(a) A certification that DZNPS is using the revised policies described in Paragraph 16, above;

(b) A certification that the Training set forth in Paragraph 23, above, has occurred, a list of the employees attending, and the date(s) on which the Training occurred.

(c) A certification that the Notice required to be posted in Paragraph 21, above, remained posted and visible during the entire six (6) month period preceding the Report;

(d) A summary of all complaints of retaliation or interference, whether made in writing or orally, that allege interference or retaliation for activity that is protected under the ADA, received by DZNPS, whether received directly (e.g., by one of Defendant's agents) or indirectly (e.g., from an agency that investigates charges of employment discrimination).  The summary shall include the name, address, email address, and telephone number of each person making a complaint of retaliation or interference and a copy of such complaint to the extent the complaint is in writing.

28.     EEOC may review compliance with the provisions of this Decree.

29.     As part of such review, EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents at a mutually convenient time as agreed upon

between EEOC and DZNPS.  Defendant will make all employees available to EEOC, and shall permit employees to speak confidentially with EEOC for the purposes of verifying compliance with this Decree.

30.     Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed or mailed to the following persons (or their designated successors):

> For EEOC:          Consent Decree Monitor
>                     EEOC Legal Unit
>                     33 Whitehall Street, 5th Floor
>                     New York, NY 10004
>                     Decreemonitor.nydo@eeoc.gov
>
>                     and
>
>                     Sara Smolik, Senior Trial Attorney
>                     EEOC – Boston Area Office
>                     JFK Federal Building, Room 475
>                     Boston, MA 02203
>                     sara.smolik@eeoc.gov
>
>
> For DZNPS:          Lisa Ann Cooney, Esquire
>                     Senior Labor & Employment Counsel
>                     Day & Zimmermann NPS, Inc.
>                     1500 Spring Garden Street
>                     Philadelphia, PA  19130

**I. DISPUTE RESOLUTION**

31.     In the event that EEOC believes that DZNPS has failed to comply with any provision(s) of the Decree, EEOC will notify DZNPS and DZNPS must make a good faith attempt to cure any breach of the Decree within twenty-one (21) business days of notification.

32.     Following the twenty-one (21) business days to cure period, EEOC shall have the right to seek Court intervention.

33.     No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any term of this Decree. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of the Consent Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that DZNPS fails to perform any of the promises or representations herein.

**J.  COSTS**

34.     Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

**K.  NOTIFICATION OF SUCCESSORS**

35.     DZNPS shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's Complaint, and the existence and contents of the Decree.

**L.  DURATION OF DECREE**

36.     The duration of the Decree shall be in effect for a period of three (3) years immediately following the Court's execution of the Decree.

37.     EEOC has the ability to enforce the terms of this Decree as to any alleged breaches to which EEOC has notified DZNPS in writing not less than thirty (30) days before the expiration of this Decree.

38.     The Court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

SO ORDERED, ADJUDGED, AND DECREED

Dated: ___November 30, 2017_____          Hon. _/s/ Victor A. Bolden_____
                                                      U.S. District Court Judge

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_Jeffrey Burstein_____

JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

SARA SMOLIK
Senior Trial Attorney
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3207 (telephone)
(617) 565-3196 (fax)
sara.smolik@eeoc.gov

FOR DEFENDANT DAY & ZIMMERMANN NPS, INC.

Scott L. Fast, Secretary
Day & Zimmermann NPS, Inc.

# ATTACHMENT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
Website: www.eeoc.gov

## <u>NOTICE TO ALL EMPLOYEES OF DZNPS, Inc.</u>

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Day & Zimmermann NPS, Inc.</u>, No. 3:15-cv-01416 (D. Conn.). In this case, the Equal Employment Opportunity Commission alleged that Day & Zimmermann NPS, Inc. ("DZNPS") engaged in unlawful employment retaliation and interfered with the rights of individuals to exercise and enjoy rights protected by the Americans with Disabilities Act ("ADA"). DZNPS has agreed to revise certain employment policies; to toll the statute of limitations for certain individuals to file charges of discrimination; and to take certain other actions as set out in the Consent Decree resolving this matter.

The ADA protects individuals from employment discrimination. The ADA also prohibits retaliation against a person because he or she has filed a charge of disability discrimination with the EEOC or similar state or local agency, or participated in the investigation of a charge of disability discrimination. DZNPS will not condone or permit retaliation of any kind as set forth in federal anti-discrimination laws. DZNPS will not condone or permit interference of any kind with the right of its employees to communicate with the EEOC, to file charges with the EEOC, to participate in EEOC investigations, and to assert their own rights under the ADA, including the right to request a reasonable accommodation to a disability.

DZNPS assures its employees that it supports the ADA and will not take any action against an individual because he or she has exercised his or her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated DZNPS's policy prohibiting retaliation and interference with rights.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (800) 669-4000. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: DZNPS Consent Decree c/o Sara Smolik, Senior Trial Attorney, EEOC, Boston Area Office, JFK Federal Building, Room 475, Boston, MA 02203-0506 or at sara.smolik@eeoc.gov.


Date: _____

# ATTACHMENT B

## RELEASE OF CLAIMS

In consideration for $45,000 paid to me by Day & Zimmermann NPS, Inc., in connection with the resolution of *EEOC v. Day & Zimmermann NPS, Inc.,* Civil Action No. 3:15-cv-01416, I waive my right to recover for any claims of retaliation and interference arising under Title V of the Americans with Disabilities Act that I had against Day & Zimmermann NPS, Inc. prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC v. Day & Zimmermann NPS, Inc.* 3:15-cv-01416 (D. Conn.).


Date: _____   Signature: _____


Print Name: _____